{¶ 20} I concur in the judgment of the majority to affirm the trial court's decision. I write separately, however, to clarify an issue regarding the analysis of whether the estate's appeal to the Ohio Supreme Court was in the best interest of the estate.
 {¶ 21} In affirming the trial court's award of fees, the majority presumes that by retaining Appellee Ufholz to represent the estate in the appeal to the Supreme Court, Appellee Mullen acted in the best interest of the estate. This discussion merely scratches the surface. It is not enough to say, as the majority does, that because Appellee Mullen was not a named beneficiary and was acting solely in his capacity as fiduciary when he hired Appellee Ufholz, that he was acting for the benefit of the estate. The fact that Appellee Mullen was not a named beneficiary does not mean that he was acting in the best interest of the estate in his decision to appeal this Court's judgment to the Ohio Supreme Court. A more thorough analysis takes into account the factors set forth in In re Estate of Endslow (Apr. 14, 2000), 5th Dist. No. 99 CA 36. While not binding on this Court, these factors establish a framework for lower courts to determine whether the time spent by an attorney, for the estate, actually benefited the estate. As set forth in Endslow, a lower court should consider:
"1. Whether the services rendered by the attorney executed the terms of the decedent's will, including the distribution of the assets, appointment of the executor, and other terms contained in the will?
"2. Whether the services rendered properly secured the assets of the estate?
"3. Whether the services rendered were consistent with the normal administration of an estate?
"4. Whether the services rendered were remedial in nature?
"5. Whether the remedial services were necessitated by prior errors of the executor based upon advice or lack of advice of the attorney?
"6. Whether the services were required due to the executor's failure to follow the instructions of his or her attorney or were the services required by errors in administration based upon direct conduct or misconduct of the attorney?" Endslow, supra, at *5
These factors are not meant to be an exhaustive list. The lower court should consider these and other factors relevant to the case to determine if the action was in the best interest of the estate. While neither the lower court nor the majority discussed any factors, a review of the record below contains sufficient evidence to support the trial court's decision. Endslow, supra, at *3 ("The attorney has the burden to introduce, into the record, sufficient evidence of the services to justify reasonable fees in the amount sought or awarded."). Accordingly, the trial court did not abuse its discretion.
 {¶ 22} The majority also finds that the fact that the Supreme Court accepted the estate's appeal for review establishes that the issue was of great public or general interest and was therefore necessary and prudent in protecting the estate. I find this logic flawed as well. The Supreme Court may review cases of "public or great interest." See Section 2(B)(2)(e), Article IV, Ohio Constitution. Therefore, the benefit is to the public, but this does not necessarily lead to the conclusion that it is to the benefit of the estate, taking into account the factors set forth in Endslow. Were this an appeal by an interested person or corporation, the majority's analysis would suffice. Here, however, counsel for the estate serves in a fiduciary capacity and it is incumbent upon the court to examine whether the decision to appeal to the Ohio Supreme Court served to benefit this estate.
 {¶ 23} Because I find that there was sufficient testimony before the probate court to determine that the appeal did benefit the estate, I would find that the trial court did not abuse its discretion in determining that the appeal to the Ohio Supreme Court was in the best interest of the estate. I concur with the judgment of the majority.